IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEBRAHTO TSEHAI, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ALBERTO R. GONZALES, ) <br> ) <br> Respondent(s). ) <br> ) | No. C 07-3583 CRB (PR) <br><br> ORDER OF DISMISSAL <br><br> (Doc # 2) |

      Petitioner, a Bureau of Immigration and Custom Enforcement detainee at the Eloy Detention Center in Eloy, Arizona, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1999 conviction and three-year sentence (11 days in jail plus 36 months on probation) from the Superior Court of the State of California in and for the County of Alameda. It appears that he is facing deportation on the basis of this long-expired conviction and sentence.

      The federal writ of habeas corpus may not be extended to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(3), 2254(a). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citation omitted). The 1999 state conviction

petitioner now seeks to challenge under § 2254 expired several years ago. Petitioner is no longer in custody on that conviction or in the custody of the State of California.  Cf. Allen v. Oregon, 153 F.3d 1046, 1048, 1050 (9th Cir. 1998). The immigration consequences of the conviction do not render him "in custody pursuant to the judgment of a State court," either.  Resendiz v. Kovensky, 416 F.3d 952, 958 (9th Cir. 2005) (INS detainee facing deportation on basis of state-court conviction not in custody pursuant to judgment of state court and therefore cannot file habeas petition under 28 U.S.C. § 2254).  Petitioner's 1999 California state-court conviction is no longer open to collateral attack in its own right under § 2254.  See also id. at 960 (INS detainee cannot collaterally attack state court judgment in a § 2241 petition against the INS either).

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see, e.g., doc # 2) as moot and close the file.  No fee is due.

SO ORDERED.

DATED:   July 19, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Tsehai, M.or1.wpd

2